IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER BISTRIAN, Plaintiff vs. TROY LEVI, et al. Defendants | CIVIL ACTION NO. 08-cv-3010 | **FILED** JUN 1 3 2013 MICHAEL E. KUNZ, Clerk By_____ Dep. Clerk |

## STIPULATED PROTECTIVE ORDER

It is hereby stipulated and agreed by and between plaintiff, Peter Bistrian ("Plaintiff"), and defendants Troy Levi, Bruce Blackmon, Tracey Brown, David Knox, Jeffrey McLaughlin, David Garraway, James Gibbs, Maribel Burgos, William Jezior, Timothy Bowns, David Robinson, Gregory Rodgers, Robert Wilson, Shirley White, G. Reynolds, and non-party the United States of America, and their respective counsel, as follows:

1. This is a civil action brought by Plaintiff against Defendants alleging constitutional violations by Defendants while he was detained in the Federal Detention Center-Philadelphia (the "Action").

2. Certain documents and information to be exchanged in this action may be protected from public disclosure by the Privacy Act, 5 U.S.C § 552a, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and its implementing regulations, see, e.g. 45 C.F.R. § 164.502, the privacy exemptions of the Freedom of Information Act, 5 U.S.C. § 552(b), or may otherwise contain confidential information.

3. Certain documents and information to be exchanged in this action may be confidential and sensitive relating to the safety and security of the Federal Detention Center-Philadelphia or other Bureau of Prison facility, including confidential and sensitive information concerning the Bureau of Prison's officers, staff, and prisoners.

4. The Privacy Act, HIPAA, and the Freedom of Information Act permit disclosure where the subject of the record consents, an exception applies, or there is a court order.

5. This Stipulated Protective Order is designed to maintain confidentiality of the documents and information that will be disclosed and to allow the production of those documents and information for use in this litigation without so many redactions as to render them useless and meaningless for purposes of the litigation.

6. The Parties, and counsel for non-party, the United States, have agreed to the terms of this Stipulated Protective Order.

**IT IS HEREBY ORDERED THAT:**

7. The Court finds that good cause exists for the entry of this Order pursuant to Federal Rule of Civil Procedure 26(c).

8. DEFINITION OF CONFIDENTIAL MATERIAL. For purposes of this Order, the term "Confidential Material" may apply to (a) medical records; (b) personal information protected by Local Rule 5.1.3; (c) other materials that, the production of which, absent this Order, would violate HIPAA, FOIA, or the Privacy Act; or (d) confidential and sensitive information maintained by the Bureau of Prisons ("BOP") relating to the safety and security of the Federal Detention Center-Philadelphia or other Bureau of Prison facility.

9. DISCLOSURE OF PROTECTED CONFIDENTIAL MATERIAL. Upon the entry of this Order, the BOP, its employees or former employees and their counsel may disclose in discovery in this action information and documents that they believe may be protected by the Privacy Act, or that otherwise contain personal or confidential/sensitive information. The BOP, its employees or former employees and their counsel may disclose in discovery in this action information and documents that may otherwise be protected by HIPAA or its state and local counterparts, or that otherwise contain private medical information relating to plaintiff.

The United States reserves its right to object to the production of classified information, secured/sensitive information, or information that relates to the safety and security of the Federal Detention Center-Philadelphia and/or other Bureau of Prisons facilities to the full extent protected by any applicable privileges or other preclusions from disclosure.

10. APPLICATION. The provisions herein shall also apply to any non-party who provides testimony, documents or information in such discovery proceedings and who agrees to be bound by the terms of this Protective Order. References to a "party" or "parties" herein shall include such non-parties, in addition to Plaintiff and Defendants. Nothing herein shall limit a party's or its counsel's use of its own documents.

11. DESIGNATION OF CONFIDENTIAL MATERIAL. In connection with discovery proceedings in this Action, any party to this Order may, by written notice to counsel for Plaintiff and Defendants, by marking the words "PROTECTED CONFIDENTIAL MATERIAL" or substantially similar language on the face of the document, or by a statement on the record at a deposition, designate any confidential material, as defined in paragraph 8, as "PROTECTED CONFIDENTIAL MATERIAL" provided the party has a good faith belief that the designated document, material or information is entitled to protection from disclosure.

13. USE OF DESIGNATED CONFIDENTIAL MATERIAL. Persons receiving Confidential Material shall not further disclose that material other than in accordance with this Stipulated Protective Order. Persons who obtain the Confidential Material pursuant to this Order may use or disseminate such Confidential Material only in connection with this case and not for any other purpose and shall not at any time show, display, reveal, or discuss such Confidential Material or the contents thereof to or with any person other than those persons specified as Qualified Persons in paragraph 14 of this Order without leave of Court.

14. KNOWLEDGE OF IMPROPER DISCLOSURE. In the event any party to this Stipulation learns of a use or disclosure of Confidential Material not permitted by this Order, that party promptly will advise the other party, through his or her counsel, of such disclosure.

15. INADVERTENT PRODUCTION WITHOUT PREJUDICE. The inadvertent production of any document, material or other information without designating it confidential pursuant to paragraph 11 during discovery in this Action shall be without prejudice to any claim that such material is confidential, and no party shall be held to have waived any rights by such inadvertent production.

16. QUALIFIED PERSONS. Any materials designated as "PROTECTED CONFIDENTIAL MATERIAL" may only be examined by, used by, disclosed by or made available to the following "Qualified Persons":

    a. The Court and Court staff;

    b. Counsel to the parties to this Stipulated Protective Order, and the paralegal(s), clerical and secretarial staff, and investigators employed by such counsel;

    c. Any party to this Stipulated Protective Order;

    d. Court reporters;

    e. Outside vendors used to assist in the preparation of trial, discovery, or other litigation-related materials; and

    f. Independent experts and/or advisors, not employed by any party during the normal course of such party's business, but consulted by counsel for such party solely in connection with this Action, whether or not retained to testify at trial.

17. MAINTAINING THE CONFIDENTIALITY OF PROTECTED CONFIDENTIAL MATERIAL. The parties shall take all necessary and appropriate measures to maintain the confidentiality of the documents or information and shall retain the documents, information or materials in a secure manner.

18. COPIES. Any "QUALIFIED PERSONS" who obtain access to "PROTECTED CONFIDENTIAL MATERIAL" under this Order may make copies, duplicates, extracts, summaries or descriptions of the documents or information solely for the purposes of this litigation. All such copies, duplicates, extracts, summaries or descriptions shall be subject to the terms of this Order to the same extent and manner as original documents.

19. NO WAIVER. No unauthorized disclosure of documents or information designated as "PROTECTED CONFIDENTIAL MATERIAL" under this Order shall result in a waiver of the confidentiality of such "PROTECTED CONFIDENTIAL MATERIAL".

20. USE IN FILINGS. Nothing contained in this Order shall preclude the use of information designated "PROTECTED CONFIDENTIAL MATERIAL" in an affidavit, motion,

brief, memorandum or other document filed with the Court in connection with this Action, provided that it is necessary for use in connection with motions, conferences or other pretrial proceedings in this Action, and is properly marked and secured in accordance with this Order.

In the event that a filing party intends to use information designated as "PROTECTED CONFIDENTIAL MATERIAL" in any document being filed with the Court without a prior motion to seal, the filing party shall give the producing party ten (10) days notice containing a description of the information being used. Should the producing party object to the filing of such material without a motion to seal, it shall inform the filing party of its objection within seven (7) days of receipt of such notice.

Should the parties dispute the propriety of filing without a motion to seal, it shall be the responsibility of the party asserting that the document should be filed under seal to obtain the necessary order permitting the filing of such documents under seal. Pending the result of any such relief, the documents in dispute shall be sent solely to the Court for *in camera* review.

21. USE IN DEPOSITIONS. With respect to depositions, any party, non-party or any person employed by, formerly employed by, or acting on behalf of any party to this Order, may at a deposition designate testimony of the deponent "PROTECTED CONFIDENTIAL MATERIAL" and request that the court reporter insert a statement regarding the confidentiality of the information into the deposition transcript. Each party shall have ten (10) days after receipt of the deposition transcript within which to inform the other parties, in writing, that portions of the transcript are designated as "PROTECTED CONFIDENTIAL MATERIAL." No such deposition transcript shall be disclosed to any person other than Qualified Persons, as described in this Order, and the deponent (and the deponent's counsel in the case of a separately represented non-party) during those ten (10) days. Upon being informed that certain portions of a deposition are designated as "PROTECTED CONFIDENTIAL MATERIAL" each party shall cause each copy of the transcript in its possession, custody or control to be so marked.

22. OBJECTIONS. In the event that counsel for a party receiving documents, materials, testimony, or information designated as "PROTECTED CONFIDENTIAL MATERIAL" objects to such designation of any or all of such items, said counsel shall advise the producing party of the basis of the objection and the reasons therefore. If the producing party persists in its confidentiality designation, all the items shall be treated as confidential under this Order pending a resolution of the parties' dispute, and it shall be the obligation of the party asserting confidentiality (the "producing party") to file a request with the Court within seven days of receiving written objection to its designation of confidentiality for a determination with respect to the propriety of the designation.

23. This Stipulated Protective Order governs only objections relating to confidentiality. All parties to this Stipulation reserve their right to raise any other objections to disclosure or discovery. The United States specifically reserves its right to sovereign immunity and to limits its discovery obligations to those established by the Touhy regulations of the relevant federal agency.

24. NON-PROHIBITED OTHER DISCLOSURES. Nothing contained in this Order shall prohibit any person from disclosing any information designated as "PROTECTED CONFIDENTIAL MATERIAL" to any of the following:

 a. Any governmental authority or agency pursuant to the valid exercise by any government authority or agency of the powers and authorities granted to it by law, provided that the producing party is given notice that said information will be produced in sufficient time to permit the producing party to challenge the production of said information in the appropriate legal forum; or

 b. Any person or entity pursuant to the valid and legal use of compulsory process, including the exercise of subpoena powers, provided that the producing party is given notice that said information will be produced in sufficient time to permit the producing party to challenge the production of said information in the appropriate legal forum.

25. ULTIMATE DISPOSITION. All documents designated as "PROTECTED CONFIDENTIAL MATERIAL" in accordance with this Order shall be returned to the producing party at the conclusion of this action or be destroyed. The "conclusion" of this action means sixty (60) days following the exhaustion of or expiration of time for appeal rights on all claims, the filing of a stipulated dismissal or the entry of a voluntary dismissal, or as may be determined by the Court.

26. FULL FORCE AND EFFECT. This Order shall remain in full force and effect after the termination of this litigation or until cancelled or otherwise modified by order of this Court, or by written agreement of the parties.

27. EXECUTION. This agreement may be executed by different parties in separate counterparts. Each executed counterpart shall be deemed to be an original and all executed counterparts together shall constitute one and the same agreement. Faxed or scanned copies of signatures will be deemed acceptable for the filing of this Stipulation.

**SO ORDERED:**

Date: 6-13-2013

CYNTHIA RUFE, U.S.D.J.

**CONSENTED AND AGREED TO:**

EMERY CELLI BRINCKERHOFF & ABADY LLP

Jonathan S. Abady
O. Andrew F. Wilson
75 Rockefeller Plaza, 20th Floor

ARCHER & GREINER, P.C.

6/12/2013

John P. Kahn
Carlton L. Johnson
One Centennial Sq.,

New York, New York 10019
(212) 763-5000

Robert E. Goldman
Robert E. Goldman LLC
P. O. Box 239
Fountainville, PA 18923
(215) 348-2605

*Counsel for Plaintiff Peter Bistrian*

Haddonfield, NJ 08033
(856) 795-2121

*Counsel for Defendants Levi, Blackmon, Brown, Knox, McLaughlin, Garraway, Gibbs, Burgos, Jezior, Bowns, Robinson, Rodgers, Wilson, and White*

LITTLER MENDELSON, P.C.

Richard R. Harris
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
267-402-3040

*Counsel for Defendant Reynolds*

ZANE DAVID MEMEGER
United States Attorney

Thomas F. Johnson
Paul W. Kaufman
U.S. Department of Justice
United States Attorney
Eastern District of Pennsylvania
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106-4476
215-861-8200

*Counsel for Non-Party the United States*