# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER BISTRIAN,      Plaintiff <br><br> vs. <br><br> TROY LEVI, et al.      Defendants | CIVIL ACTION <br><br> NO. 08-cv-3010 |

## ORDER

**AND NOW,** this _____ day of _____ 2023, upon consideration of Plaintiff's Motion to Rest on His Prior Submissions or for Alternative Relief and Defendant Gibbs' response thereto, it is hereby **ORDERED** that Plaintiff's Motion is DENIED.

BY THE COURT

_____
Rufe, S.J.

DATE:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER BISTRIAN,<br>                Plaintiff<br>vs.<br>TROY LEVI, et al.<br>                Defendants | CIVIL ACTION<br><br>NO. 08-cv-3010 |

**DEFENDANT GIBBS' RESPONSE TO PLAINTIFFS'
MOTION TO REST UPON HIS PRIOR SUBMISSIONS
OR FOR ALTERNATIVE RELIEF**

**I.    ARGUMENT**

    **A.  Neither The Law Of The Case Doctrine Nor The Mandate Rule Apply To Gibbs Denial Of Summary Judgment Based On Qualified Immunity.**

Bistrian claims that Gibbs' motion for summary judgment based on qualified immunity is barred by the law of the case doctrine and the mandate rule. (DE 561 at 1). Bistrian is wrong. The trial court's denial of Gibbs' Motion for Summary Judgment was an interlocutory order. *Bistrian v. Levi*, 912 F.3d 79, 87 (3d Cir. 2018).[1] "Interlocutory orders ... remain open to trial court reconsideration, and do not constitute the law of the case." *United States ex rel. Petratos v. Genentech Inc.*, 855 F.3d 481, 493 (3d Cir. 2017) (citing *Perez-Ruiz v. Crespo-Guillen*, 25 F.3d 40, 42 (1st Cir. 1994)); *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997). Thus, any argument that Gibbs is barred from reasserting his defense of qualified immunity based on the "law of the case" doctrine must be rejected.

---

[1] Appeals based on a denial of a defendant's motion for summary judgment will be heard so long as: (1) the defendant is a public official asserting a qualified immunity defense; and (2) the issue on appeal is whether the facts alleged by the plaintiff demonstrate a violation of clearly established federal law, not which facts the plaintiff might be able to prove at trial." *Bistrian*, 912 F.3d at 87.

2

The mandate rule is also inapplicable to Gibbs' Motion for Summary Judgment based on qualified immunity. The mandate rule applies only to those issues that were decided by the appellate court. *Casey v. Planned Parenthood of Se. Pennsylvania*, 14 F.3d 848, 857 (3d Cir. 1994). The Third Circuit did not directly address Gibbs' appeal on the merits because it determined that outside the *Bivens'* question, it lacked jurisdiction on questions related to "evidence sufficiency" in the sense of what facts might be proven at trial. *Bistrian*, 912 F.3d at 87. The Third Circuit summarily determined the trial court conducted a sufficient analysis and remanded the case for trial. *Id.* at 88, n.12. *Bistrian v. Levi*, 912 F.3d at 88.

The mandate from the Third Circuit, as it related to Gibbs' personal liability, was to try the case. The trial court followed that mandate and held a jury trial which culminated in the jury's verdict in favor of Gibbs. Following the verdict, this Court granted Bistrian a new trial based on the failure of the United States, not Gibbs, to turn over certain records. At Bistrian's request, the Court ordered additional discovery after the new trial was granted. Gibbs has relied upon the new discovery and testimony from the trial (post-summary judgment) in support of his request for judgment based on qualified immunity. Thus, this Court should reject Bistrian's claim that Gibbs is barred from raising a qualified immunity defense based upon evidence that has developed since Gibbs' previous summary judgment motion was decided.

### B. Bistrian Should Not Be Permitted To Rely Upon His Former Proposed Statement of Facts Pursuant to the Court's Alternative Summary Judgment Procedures

Gibbs filed his Motion for Summary Judgment on March 23, 2023. Gibbs' Motion for Summary judgment was accompanied by a Statement of Material Facts ("SOF"). (DE 552-4).

The SOF contains thirty (30) discrete paragraphs.  Per agreement and Court approval, Bistrian had until June 6, 2023 to fully respond, and did so.  Bistrian responded fully to Gibbs' Motion and SOF.  Bistrian admitted fifteen (15) and denied several others with an objection.  Bistrian denied still others but without any citation to the record. (DE 560).  Bistrian's request to be permitted rely on the pre-verdict submissions regarding Gibbs' Motion for Summary Judgment should be denied.

      Federal Rule of Civil Procedure 56(e) requires Gibbs' to respond to Bistrian's factual assertions.  *Collazo v. Miller*, No. 4:20-CV-00083, 2020 WL 7711281, at *2 (M.D. Pa. Dec. 29, 2020).  See Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may ... grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it.").  Gibbs cannot be required to guess the factual assertions in the "record" or Bistrian's previous filings upon which Bistrian intends to rely in opposition to Gibbs' Motion for Summary Judgment.  For this reason, Bistrian's request to rely upon some unknown, unspecified portions of the record or Bistrian's previous submissions should be denied.

    Likewise, the Court should deny Bistrian's request for additional time to respond to Gibbs' Motion for Summary Judgment.  Bistrian had access to the entire discovery record and trial record.  Bistrian had since March 6, 2023 to respond fully to Gibbs' Motion and SOF. The response Bistrian has filed fully articulates to the Court his response to Gibbs' Motion for Summary Judgment.  Moreover, Bistrian does not even offer any reason why he needs more time to respond. For these reasons, Bistrian's Motion should be denied.

## II. CONCLUSION

WHEREFORE, for all of the foregoing reasons, Defendant Gibbs respectfully requests that Plaintiff's Motion to Rest on His Prior Submissions or for Alternative Relief be denied.

Date: June 20, 2023

*/s/Jeffrey M. Scott, Esquire*
Jeffrey M. Scott, Esquire
jscott@archerlaw.com
Shelley R. Smith, Esquire
srsmith@archerlaw.com
Archer & Greiner, P.C.
THREE LOGAN SQUARE
SUITE 3500
1717 Arch Street
Philadelphia, PA 19103
jscott@archerlaw.com
Telephone:   (215) 963-3300
Facsimile:   (215) 963-9999
*Attorneys for Defendant James Gibbs*

## **CERTIFICATE OF SERVICE**

    It is hereby certified a copy of James Gibbs' Response to Plaintiff's Motion to Rest on His Prior Submissions or for Alternative Relief was filed on the ECF's Court's Filing System and is available for down loading and reviewing by all counsel of record.

Date: June 20, 2023

                                      */s/Jeffrey M. Scott, Esquire*
                                      Jeffrey M. Scott, Esquire
                                      jscott@archerlaw.com
                                      Shelley R. Smith, Esquire
                                      srsmith@archerlaw.com
                                      Archer & Greiner, P.C.
                                      THREE LOGAN SQUARE
                                      SUITE 3500
                                      1717 Arch Street
                                      Philadelphia, PA 19103
                                      jscott@archerlaw.com
                                      Telephone:    (215) 963-3300
                                      Facsimile:    (215) 963-9999
                                      *Attorneys for Defendant James Gibbs*

227335832 v1